*proper person with whom to leave money.* An innkeeper's guest has the right to assume that the innkeeper's clerk, who has charge of the office, is one with whom he may properly leave money up to a reasonable amount for safe-keeping.

5. INNKEEPERS—*what is essential to limitation of liability for guest's money deposited with clerk by posted notice.* To limit an innkeeper's liability for a guest's money, intrusted to the innkeeper's clerk, by posting a notice, it is necessary that the notice shall have been clear and explicit and that the innkeeper show that knowledge of the notice was brought home to the guest, and the mere posting on the hotel wall of a sign reading, "Not responsible for valuables or money lost or stolen in its premises beyond the value of $5.00," without any showing that it was brought to the guest's knowledge, is not sufficient to relieve the innkeeper from liability for a sum of money in excess of that amount intrusted by a guest to the clerk and stolen by him.

---

# Walter J. Ellis, Appellee, v. Hillison & Etten Company, Appellant.

## Gen. No. 23,881.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. DENNIS W. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed July 10, 1918.

## Statement of the Case.

Action by Walter J. Ellis, plaintiff, against Hillison & Etten Company, a corporation, defendant, to recover on a contract. From a judgment for plaintiff for $106, defendant appeals.

WILLIAM A. BARNES, for appellant.

No appearance for appellee.

Mr. Justice Thomson delivered the opinion of the court.

## Abstract of the Decision.

1. Sales—*when binding sale is made by counter offer and compliance with terms of latter.* Where one to whom a process is offered for sale makes a counter offer to purchase it at a certain sum if a demonstration is made at a certain time and the process is as claimed by the original offerer, the counter offer ripens into a binding obligation when the original offerer makes the demonstration and the process proves to be as claimed.

2. Sales, § 329*—*when satisfactory demonstration of process by seller is shown.* In an action to recover on a contract for the sale of a process in case the demonstration thereof is satisfactory, evidence *held* to support a finding that the seller had given a satisfactory demonstration of such process.

3. Corporations, § 355*—*when employee has authority to purchase process on behalf of corporation.* Where it appears that one seeking to sell a process to a corporation spoke to the president in regard thereto and was told by him to see a certain employee about it, such employee is thereby clothed with authority to act on behalf of the corporation in regard to the transaction.

4. Municipal Court of Chicago, § 13*—*when statement of claim in action to recover on contract of sale is sufficient.* Under section 40 of the Municipal Court Act (J. & A. ¶ 3352), in an action to recover on a contract by which defendant agreed to purchase a certain process if a satisfactory demonstration of it was given, a statement of claim which sets forth a copy of the contract and a statement to the effect that after the contract was signed plaintiff demonstrated the method and was told by defendant that it was satisfactory, is sufficient, even though it lacks the particularity of a common-law pleading.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.