T. A. Worley, Trading as T. A. Worley & Company, Appellee, v. The Holding Corporation, Appellant.

Gen. No. 34,541.

314

Opinion filed April 15, 1931. Rehearing denied April 27, 1931.

CHAPMAN & CUTLER, for appellant; CHARLES M. THOMPSON, of counsel.

DANIEL WEBSTER, for appellee.

MR. PRESIDING JUSTICE WILSON delivered the opinion of the court.

Plaintiff brought his action in the municipal court to recover damages for breach of a written contract under which the defendant agreed to purchase certain bonds of the Elmwood Park School District No. 85, at a specified price, but failed to perform. A trial was had with a jury, resulting in a finding in favor of the plaintiff for $3,499.70 and costs, on which verdict judgment was entered and an appeal taken to this court.

Plaintiff's statement of claim charges that the parties entered into a written agreement whereby the defendant agreed to purchase from the plaintiff certain bonds of the Elmwood Park School District No. 85, at the par value of $79,000 on a 4.20 basis, less 1½ points: charges that prior to the time of delivery the said defendant refused to accept said bonds and that plaintiff was compelled to sell them in the open market and thereby sustained a loss for which he brings this action.

Defendant filed an affidavit of merits and subsequently an amended affidavit of merits, in which defendant states that it believes it has a good defense to the action; further that the contract sued upon involved the sale of goods of the value of $500 and that

said defendant did not at any time accept any part of said goods or give anything in earnest to bind said contract; further alleges that certain memoranda or letters in writing were written by the defendant, setting forth the terms of said contract under which the plaintiff agreed to sell to the defendant $115,000 worth of Elmwood Park School District bonds, subject to an election within the next few days; further charges that by said agreement, it was incumbent upon the plaintiff to deliver the bonds within a reasonable time, but failed to do so; further charges that the defendant notified the plaintiff in writing that unless they would deliver within the next few days, the contract would be canceled; further alleges a denial that the defendant agreed to purchase bonds of the value of $79,000.

On the trial the court, on motion of counsel for plaintiff, struck from the amended affidavit of merits, paragraph 3, which was the paragraph setting up the statute of frauds, under the Uniform Sales Act, Cahill's St. ch. 121a, ¶ 7. We do not believe this was error on the part of the trial court as there was sufficient evidence in writing as to the contract in question, to take it out of the statute, and moreover there was an acceptance of a substantial part of the bonds enumerated in the contract.

From the evidence it appears that on the 27th of January, 1928, the defendant wrote to the plaintiff confirming the purchase of $115,000 of Elmwood Park School District bonds, together with certain Des Plaines Park District bonds, certain Riverview South Des Plaines, Cook County School District bonds, and certain School District No. 157, Cook County, Illinois bonds, subject to the election necessary to carry the issuance of said bonds.

January 30, 1928, the plaintiff replied to said communication confirming the sale, but changing the various conditions under which the sale was to be made.

As this communication constitutes the basis of plaintiff's claim, we set it out in full:

"January 30, 1928.

Blyth, Witter & Co.,
105 S. LaSalle Street,
Chicago, Illinois.
Gentlemen:

We are pleased to confirm sale to you of the following issues, if and when issued.

Approximately $115,000 Elmwood Park Sch. Dist. #85, Cook County, 5½% bonds on a 4.20 basis less 1½%.

Approximately $60,000 Des Plaines Park District 5% bonds on a 4.10 basis less 1½%.

Approximately $40,000 Riverview School Dist. #65, Cook County 5½% bonds on a 4.20 Basis less 1½%.

Approximately $60,000 Globe School Dist. # 157 Cook County, 5¼% bonds on a 4.20 basis less 1½%.

This confirmation is made subject to the bonds being voted and in case it is impossible to issue all of said bonds due to insufficient bonding power, we agree to deliver such amount of each issue as can be approved by our attorney, Holland M. Cassidy, whose opinion will be secured in each instance.

Trusting the above is per your understanding and thanking you for this business, we are.

.Very truly yours,
T. A. Worley

TAWmm                    T. A. WORLEY & Co."

It is insisted on the part of the defendant that by changing the terms of the original offer to purchase, this constituted a new offer and there does not appear to be any acceptance of said communication which would constitute a new agreement. It is true there was no direct acceptance of the counter-proposition, but the parties proceeded to act under it, as evidenced by the fact that $60,000 worth of Des Plaines Park District bonds were offered and accepted and paid for

by the defendant; $19,000 worth of Riverview School District No. 65, Cook County, were offered and accepted and paid for by defendant and $26,000 worth of Globe School Dist. No. 157, Cook County bonds were delivered to the defendant and accepted and paid for. The counter-proposal of the plaintiff of January 30, in each instance, contained the provision of approximately the number of bonds named in the counter-proposal which should be delivered and accepted. This was based on the supposition that it was impossible of ascertainment as to the exact amount of bonds that could be issued by each of the various taxing districts enumerated. The acceptance by the defendant of approximately the number of other bonds enumerated in the proposal of January 30, warranted the assumption that the defendant had agreed to the terms set out in the counter-proposition of the plaintiff. It is not necessary that the acceptance be in writing, but it may be evidenced by the conduct of the parties. *Anglo-American Provision Co. v. Prentiss,* 157 Ill. 506; *Ellis v. Hillison & Etten Co.,* 211 Ill. App. 581; *Great Western Coal & Coke Co. v. St. Louis & Big Muddy Coal Co.,* 140 Ill. App. 368. Moreover, the defendant on June 14, 1928, wrote to the plaintiff as follows:

"June 14, 1928.

T. A. Worley & Co.,
53 W. Jackson Blvd.,
Chicago, Illinois.
Dear Mr. Worley:

With reference to our purchase from you on January 27th, 1928, of $115,000 Elmwood Park School District No. 85 5½% Bonds on a 4.20 basis less 1½ points, we beg to advise that unless delivery of these bonds can be made this week we shall have to cancel this purchase from you.

Very truly yours,
BLYTH, WITTER & Co.
By Wm. T. Jensen."

By this communication we find the defendant insisting upon delivery of the Elmwood Park School District bonds, thus evidencing their view that there was a contract in effect. While the communication refers to their letter of January 27, nevertheless the parties had been acting under the counter-proposition of January 30, 1928. In the opinion of the court it evidenced the fact that the defendant was of the opinion that the plaintiff was obligated to deliver and the defendant to accept the Elmwood Park District School bonds in question. In view of the fact that they had accepted approximately the amount of the other bonds referred to, we are of the opinion that the defendant recognized its obligation to accept approximately the amount of bonds mentioned in the agreement of January 30. The communication of the plaintiff of January 30, called attention to the fact that, due to the insufficient bonding power of the different taxing districts, it might not be possible to issue all of the bonds in question. It developed as a matter of fact that the Elmwood Park School District was able to issue bonds only to the amount of $79,000.

The plaintiff obligated himself to take these bonds from the school district in full reliance on the agreement that the defendant would in turn accept all, or such amount as was issued of said bonds. This was based upon the counter-proposition made by the plaintiff to the defendant. His right to rely upon the good faith of the defendant was substantiated by the fact that the defendant had previously accepted a less number of bonds of the other issues enumerated in the counter-proposal. The attempt of the defendant to evade responsibility by demanding delivery within a week was unavailing in view of the understanding of the parties as evidenced by the communication of January 30, to the effect that the sale was made subject to the election and the issuance of the bonds. It neces-

sarily followed that the defendant could not accelerate the time of delivery by his communication of June 14, demanding immediate delivery. It was impossible to accelerate the delivery of the bonds as it was dependent upon the holding of the election and the steps necessary thereafter to prepare and issue said bonds.

Thomas Carey, a witness on behalf of the plaintiff, testified that he was a trustee of the Elmwood Park School District 85, and that the bonds were signed June 27, 1928, and afterwards turned over to the attorney of the district for disposal.

On June 21, by written communication, the defendant refused to accept delivery. The bonds were subsequently sold on July 1, by the plaintiff. The time from January 30, 1928, to June 14, 1928, at which time the defendant had refused acceptance of the bonds was not an unreasonable length of time for delivery, considering the fact that the bonds first had to be voted upon, then scrutinized and examined and confirmed.

Defendant insists that the plaintiff's claim for damages is based upon a breach of a contract for the delivery of $79,000 Elmwood Park School District No. 85 bonds. No objection was made however to the introduction of the communication of January 30, signed by the plaintiff, on the ground of variance, but the only objection made was that there was no written acceptance of the offer. *Osgood v. Skinner*, 211 Ill. 229. As we have already stated, a written acceptance was not necessary as the acts of the parties were sufficient to constitute a waiver of a written acceptance.

Ten instructions were offered by the plaintiff and defendant has excepted to each and every one and argued objections to same in its brief.

There does not appear to be any real dispute as to the facts in the case. Defendant made a proposition to purchase certain bonds; plaintiff replied with a counter-proposition as to the same bonds, but with a

proviso that they were to be delivered in approximately the amount enumerated in the counter-proposition and subject to the bonds being voted favorably by the taxing district, and subject to their being delivered by the taxing district to the plaintiff by the proper officials of the taxing district. There is no dispute as to the fact that the defendant proceeded to accept bonds from the plaintiff in approximately the amount enumerated in the counter-proposal, when issued by the other taxing districts named therein; there is no dispute as to the fact that sometime after this counter-proposal the defendant was demanding delivery; there is no dispute as to the amount of damages sustained. There is, however, some evidence in the record to the effect that the price of bonds had fallen after the communication of January 30, from the plaintiff to the defendant.

Where the facts are undisputed, it may become a question of law for the court and, in the case at bar, we feel that the court could have justly directed a verdict, under the facts in this case, in favor of the plaintiff. It necessarily follows that, if such is a correct interpretation of the situation as we see it, there could have been no error in the instructions given. We have examined them, however, and are of the opinion that, in view of all the facts in the case, the judgment should not be reversed because of anything contained in the instructions. There was no such error as would require a reversal. No evidence was introduced on behalf of the defendant and the defense interposed was highly technical.

We see no reason for disturbing the judgment of the municipal court.

For the reasons stated in this opinion the judgment of the municipal court is affirmed.

*Judgment affirmed.*

HEBEL and FRIEND, JJ., concur.